**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KAYLA ORSELL,

                             Plaintiff,

        v.                                                   1:25-cv-00963 (AMN/PJE)

CITY OF GLOVERSVILLE, *et al.*,

                             Defendants.

---

**APPEARANCES:**                                **OF COUNSEL:**

**KAYLA ORSELL**
81 ½ Chestnut Street
Johnstown, New York 12095
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

## I.    INTRODUCTION

On July 18, 2025, Plaintiff *pro se* Kayla Orsell commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City of Gloversville (the "City"), Detective Johnathon Spychalski, Lieutenant Lucas Nellis, District Attorney James P. Riley, the Honorable Traci DiMezza, Kyle L. Davis, James P. Melita, Jason Mitchell Abdalla, Jail Captain Keith Ackerknecht,[1] and "Unknown Individuals who Interfered with Plaintiff's Legal Mail and Communications" (collectively, "Defendants"). *See* Dkt. No. 1 ("Complaint"). Alongside the Complaint, Plaintiff filed numerous motions: a motion to compel the U.S. Marshals Service to

---

[1] The Court notes that Plaintiff also spells Defendant Ackerknecht's last name as "Achrenight" in the Complaint. *See* Dkt. No. 1 at 4, 15. For consistency, the Court employs the spelling "Ackerknecht" throughout this opinion.

retrieve evidence from her residence, *see* Dkt. No. 3, a motion to appoint counsel, *see* Dkt. No. 4, a motion seeking permission to file electronically, *see* Dkt. No. 10, a motion for a preliminary injunction, *see* Dkt. No. 12, and a motion to seal the record.  Dkt. No. 13.  Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP").  *See* Dkt. Nos. 2, 6, 11.

This matter was referred to United States Magistrate Judge Paul Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on February 2, 2026, granted Plaintiff's motion for leave to proceed IFP and recommended that (i) Plaintiff's claims against Judge DiMezza, Defendant Abdalla, Defendant Riley in his individual capacity, and Plaintiff's state law defamation claim and claims for injunctive and declaratory relief be dismissed with prejudice and without leave to amend; (ii) Plaintiff's claims against Defendant Riley in his official capacity for monetary damages and Plaintiff's Fourth, Sixth, and Fourteenth Amendment claims be dismissed without prejudice and without leave to amend; and (iii) Plaintiff's Fourteenth Amendment medical indifference and failure to protect claims be dismissed without prejudice and with leave to amend. *See* Dkt. No. 14 at 33-34 ("Report-Recommendation").[2]  Magistrate Judge Evangelista also recommended granting Plaintiff's motions to file electronically and to seal the record, and recommended denying Plaintiff's motion to appoint counsel and motion to compel the U.S. Marshals Service to retrieve evidence.  *Id.* at 34-35.  Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id*. at 36.  No party has filed objections, and the time for filing objections has expired.

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Plaintiff appears to assert violations of her First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights pursuant to Section 1983 in connection with her arrest on April 9, 2024 and subsequent prosecution and detention based upon charges of kidnapping and assault.  *See generally* Dkt. No. 1.

First, to the extent that Plaintiff brings Section 1983 claims against Defendant Riley in his official capacity for monetary damages, Magistrate Judge Evangelista concluded that such claims are barred by Eleventh Amendment immunity.  Dkt. No. 14 at 5 (citing, *inter alia*, *Chapman v. City of Albany*, No. 23-cv-686, 2025 WL 295011, at *5 (N.D.N.Y. Jan. 24, 2025) (noting that sovereign immunity bars suits for damages against state officials acting in their official capacities)).

Second, Judge Evangelista concluded that Plaintiff's claims against Defendant Riley in his individual capacity are barred by absolute prosecutorial immunity.  *Id.* at 15 (citing, *inter alia*, *Bey v. Nugent*, No. 18-cv-7878, 2020 WL 6530917, at *5 (S.D.N.Y. June 3, 2020) (noting that "[a]bsolute immunity covers virtually all acts associated with a prosecutor's function as an advocate regardless of motivation, . . . including, for example, deciding whether to bring charges, making bail applications, presenting charges to a grand jury, presenting evidence at a suppression hearing, and engaging in plea negotiations"), *report and recommendation adopted*, 2020 WL 4731419 (S.D.N.Y. Aug. 14, 2020)).

Third, Magistrate Judge Evangelista concluded that Plaintiff's claims alleging false arrest, false imprisonment, malicious prosecution under the Fourth Amendment, ineffective assistance of counsel under the Sixth Amendment, and equal protection, due process, and *Brady* violations under the Fourteenth Amendment, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff alleges that she pled guilty to a crime and "offers no indication that her plea/conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 8-12 (citing, *inter alia*, *Perry v. City of Albany*, No. 20-cv-165, 2020 WL 3405636, at *4 (N.D.N.Y. May 6, 2020) (finding claims of false arrest, false imprisonment, malicious prosecution, and fabrication of evidence generally barred by *Heck*), *report and recommendation adopted*, 2020 WL 3403080 (N.D.N.Y. June 19, 2020); *D.S. v. City of New York*, 736 F. App'x 284, 287 (2d Cir. 2018) (summary order) (noting that plaintiff's assertion that he was denied effective counsel under Section 1983 "necessarily implies that his . . . conviction was unlawfully obtained"); *Ruotolo v. Town of New Paltz*, No. 22-cv-169, 2023 WL 2500655, at *18 (N.D.N.Y. Mar. 14, 2023) (finding that *Heck* bars plaintiff's selective prosecution claim pursuant to the Equal Protection Clause); *Johnson v. New York City Police Dep't*, 651 F. App'x 58, 60 (2d Cir. 2016) (holding that "a *Brady* claim is not cognizable under [Section] 1983 unless the challenged conviction has been invalidated")).

Fourth, Judge Evangelista concluded that Plaintiff's claims against Judge DiMezza are barred by absolute judicial immunity because Plaintiff has not set forth any facts to reasonably suggest that Judge DiMezza acted beyond her judicial capacity or in complete absence of all jurisdiction in setting bail." *See id.* at 12-14 (citing, *inter alia*, *Franklin v. Warren Cnty. D.A.'s Off.*, No. 08-cv-801, 2009 WL 161314, at *5 (N.D.N.Y. Jan. 21, 2009) (holding that absolute

5

judicial immunity barred excessive bail claim against judge because "judges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction")).

Fifth, Magistrate Judge Evangelista concluded that Plaintiff's claims against Defendant Abdalla must also be dismissed. *See id.* at 16-17. Specifically, Magistrate Judge Evangelista found that there is no private cause of action for entrapment or extortion in a civil case or a private initiation of criminal prosecution or arrest. *See id.* (citing, *inter alia*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 325 (E.D.N.Y. 2004) (noting that "there is no federal statute creating a private civil cause of action for extortion")); *see also Story v. Cent. Intel. Agency*, No. 24-cv-631, 2024 WL 4467414, at \*4 (N.D.N.Y. Oct. 10, 2024) (noting that entrapment cannot be a basis for a Section 1983 claim (citation omitted)), *report and recommendation adopted*, 2024 WL 4849844 (N.D.N.Y. Nov. 21, 2024).

Sixth, to the extent that Plaintiff alleges violations of her First and Fourteenth Amendment rights in connection with mail tampering, mail interference, or forgery of documents against the Doe Defendants, Judge Evangelista concluded that such claims must be dismissed because, as noted above, Plaintiff does not have standing to seek the investigation or criminal prosecution of the Doe Defendants and the Court cannot direct any agency to perform an investigation, bring criminal charges, or enjoin unknown actors. *See* Dkt. No. 14 at 18-19 (noting that Plaintiff requests an injunction ordering the Doe Defendants to stop "tampering with Plaintiff's legal mail, communications, or court filings," to stop initiating "cyber attacks against Plaintiff's devices, legal files, and communications," to stop "tampering with Plaintiff's phone, [I]nternet, and SIM card

data," and to stop "interfer[ing] with Plaintiff's USPS mail, including legal filings" (quoting Dkt. No. 1 at 20)).

Seventh, Magistrate Judge Evangelista recommended dismissing Plaintiff's Fourteenth Amendment conditions of confinement claims without prejudice and with leave to amend. *Id.* at 23. Regarding Plaintiff's claim of deliberate indifference to medical needs against Defendant Ackerknecht, Magistrate Judge Evangelista found that Plaintiff has not sufficiently alleged Defendant Ackerknecht's personal involvement. *Id.* at 20-21. Specifically, Magistrate Judge Evangelista found that Plaintiff appears to be proceeding against Defendant Ackerknecht based on his position as Police Captain, but does not state how Defendant Ackerknecht would have been aware of Plaintiff's medical needs, nor allege that she specifically informed him of her medication or testing requests or concerns, nor claim that Defendant Ackerknecht was personally responsible for denying her request for testing. *Id.* at 21 (citing, *inter alia*, *Bazile v. Uhler*, No. 25-cv-1602 (AMN/PJE), 2025 WL 3522973, at *3 (N.D.N.Y. Dec. 9, 2025) (noting that where "a defendant is a supervisory official, a mere 'linkage' to the unlawful conduct through 'the prison chain of command' (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct")). Regarding Plaintiff's failure to protect claim, Magistrate Judge Evangelista found that Plaintiff does not identify the defendants against whom she seeks to bring such claim, and to the extent that Plaintiff seeks to proceed against Defendant Ackerknecht, such claims would also fail because Plaintiff has not established his personal involvement, as noted above. *See id.* at 22 (citing Dkt. No. 1 at 16).

Eighth, Magistrate Judge Evangelista recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law defamation claim. *Id.* at 23-25. Magistrate Judge Evangelista noted that Plaintiff's defamation claim may be time barred depending on when

the allegedly defamatory statements were published, and in the event that Plaintiff wishes to proceed against a municipal defendant, she must demonstrate that she filed a notice of claim within ninety days of the alleged violation, which Plaintiff has not done. *See id.* at 24 (citing, *inter alia*, *Waldron v. Milana*, No. 10-cv-65, 2013 WL 2445047, at *3 (N.D.N.Y. June 5, 2013) (noting that "[u]nder New York law, claims for defamation that are brought after one year from the date that the alleged defamatory statements were made are barred by the statute of limitations"); N.Y. Gen Mun. Law § 50-e). Additionally, Magistrate Judge Evangelista found that even if Plaintiff amended her Complaint to demonstrate that the defamation claims are not time barred and that she served a notice of claim upon the municipality (or no such service is required), Plaintiff's defamation claims are not so related to Plaintiff's conditions of confinement claims—which are the only claims that Magistrate Judge Evangelista recommended dismissing with leave to amend— such that they form part of the same case or controversy. *See id.* at 25 (citing, *inter alia*, *Francis v. Depuy*, No. 25-cv-16, 2025 WL 3672549, at *4 (N.D.N.Y. Dec. 18, 2025) (noting that "a court may choose to exercise supplemental jurisdiction over pendent state law causes of action pursuant to 28 U.S.C. § 1367 where the state law causes of action 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy'")).

Ninth, while Magistrate Judge Evangelista recommended dismissing all of Plaintiff's claims associated with requests for injunctive relief, Magistrate Judge Evangelista also noted that the *Rooker-Feldman* doctrine bars the Court from granting much of this relief, because the Court cannot grant mandamus relief over a non-federal agency, such as the Fulton County District Attorney's Office or the Gloversville Police Department, and because Plaintiff does not have standing to request that this Court initiate a criminal investigation or prosecution, or direct other agencies to perform such acts. *See id.* at 25-29 (citing, *inter alia*, *McNeil v. Van Houten*, No. 25-

8

cv-725 (AMN/MJK), 2025 WL 3171001, at *3 (N.D.N.Y. Nov. 13, 2025) (noting that under *Rooker-Feldman*, "federal district courts lack subject matter jurisdiction over suits where a plaintiff seeks relief that invites a federal district court to reject or overturn a final decision of a state court as to a conviction" (internal quotation marks and citation omitted)); *Walker v. Rosa*, No. 24-cv-1171, 2025 WL 3287025, at *4 (N.D.N.Y. Oct. 29, 2025) (noting that the Mandamus Act does not confer jurisdiction over state or local officials), *report and recommendation adopted*, 2025 WL 3282707 (N.D.N.Y. Nov. 25, 2025)).

Lastly, Magistrate Judge Evangelista recommended dismissing Plaintiff's motion for the appointment of counsel because the request for counsel is premature at this stage, where it is unclear whether any claims will proceed beyond the initial review stage, and the Court does not yet have evidence to assess whether Plaintiff's positions are likely to be of substance. *Id.* at 29-33 (citing, *inter alia*, *Harmon v. Runyon*, No. 96-cv-6080, 1997 WL 118379, at *1 (S.D.N.Y. Mar. 17, 1997) (noting that a threshold requirement in evaluating a *pro se* plaintiff's request for the appointment of counsel is that the plaintiff's claim "seems likely to be of substance," which the plaintiff must demonstrate through "evidence . . . support[ing] her claims regarding [the] defendant's allegedly improper actions" (internal citation omitted))). Magistrate Judge Evangelista also found that Plaintiff's inexperience in legal matters and her concerns about mail fraud do not warrant the appointment of counsel at this time, as Plaintiff has "largely demonstrated an ability to effectively communicate her requests and concerns though a detailed complaint and various legal filings and motions." *Id.* at 31-32. Moreover, Magistrate Judge Evangelista noted that even if Plaintiff successfully amended her Complaint to set forth conditions of confinement claims, such claims would not be overly complex. *Id.* at 32.

Having reviewed the Report-Recommendation and considered Magistrate Judge Evangelista's findings as to each claim, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.[3]

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 14, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's claims against Defendant Abdalla, Judge DiMezza, and Defendant Riley in his individual capacity be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's claims against Defendant Riley in his official capacity for monetary damages be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's Fourth, Sixth, and Fourteenth Amendment claims be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's state law defamation claim and Plaintiff's claims for injunctive and declaratory relief be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's Fourteenth Amendment deliberate indifference and failure to protect claims be **DISMISSED without prejudice and with leave to amend**; and the Court further

---

[3] Given the Court's adoption of the Report-Recommendation in its entirety, which dismisses each of Plaintiff's claims, the Court denies Plaintiff's motion for a preliminary injunction, which seeks to enjoin and stay the enforcement of Plaintiff's probation, as moot.

**ORDERS** that any amended complaint must be filed **within thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Evangelista for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that Plaintiff's motion for a preliminary injunction, Dkt. No. 12, is **DENIED** as moot; and the Court further

**ORDERS** that Plaintiff's motions to file electronically[4] and seal the record, Dkt. Nos. 10, 13, are **GRANTED**, as set forth in the Report-Recommendation; and the Court further

**ORDERS** that Plaintiff's motions requesting that the U.S. Marshals Service retrieve evidence from Plaintiff's residence and for the appointment of counsel, Dkt. Nos. 3, 4, are **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 11, 2026
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[4] Plaintiff is advised and cautioned that (i) any violation of any condition or any abuse otherwise of participation in electronic case filing will result in the immediate revocation of Plaintiff participating in electronic case filing, and (ii) the Court may revoke electronic filing privileges if it determines in its sole discretion that Plaintiff's use of the system is not satisfactory.